E-FILED 7/14/09

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RESONANCE TECHNOLOGY, INC., | ) NO.   CV 08-6772 PSG (PLAx) |
|---|---|
| Plaintiff, | ) Ctrm: 790 |
| v. | ) Hearing Judge: The Hon. Philip S. Gutierrez |
| NORDICNEUROLAB AS, a Norwegian corporation, | ) Protective Order |
| Defendants. | ) |

KNAPP,
PETERSEN
& CLARKE

-1-

## PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary use of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT:**

1. Any party to this Action or any third-party from whom discovery is sought who produces information (including, without limitation, writings, discovery responses, deposition transcripts, recorded testimony, etc.) alleged by such party to constitute or contain confidential or proprietary information ("Confidential Information"), may designate such material as being subject to this stipulated protective order. For purposes of this Order, Confidential Information shall mean information or materials produced in this Action that any party or third-party considers in good faith to constitute or contain trade secrets, other confidential research and development information, and/or confidential financial information. Writings, discovery responses, pleadings or other documents produced or generated in this Action that contain Confidential Information shall be so designated by stamping on or otherwise permanently affixing the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to such material in a manner that does not obscure or deface the material or any portion of the contents.

2. The parties to this Action agree to act reasonably with regard to designating material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to use good faith efforts to resolve disputes regarding such designation and other issues concerning this stipulated protective order.

3. Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and produced during discovery or generated in connection with this Action

KNAPP, PETERSEN & CLARKE

shall be used solely for purposes of this Action and any further proceedings herein. Such material and the information contained therein shall not be used for any business, competitive or other purposes, and shall not be disclosed to any person or entity, except in conformity with the terms of this stipulated protective order.

4. Access to and/or disclosure of Confidential Information shall be permitted only to the following persons:

(a) Counsel for the parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, outside copying services, attorney services, messenger services, litigation support firms, private investigators, jury consulting firms, and other outside vendors who are working on this Action (or any further proceedings herein) under the direction of such attorneys and to whom counsel believes in good faith it is necessary that the materials be disclosed for purposes of this Action;

(b) Experts and consultants retained by the parties to assist in this Action, but only after having read this stipulated protective order and having executed the form of Undertaking attached hereto as exhibit A;

(c) Any person who authored, received or saw a document or thing marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or who was otherwise familiar with the Confidential Information contained therein prior to this proceeding, but only to the extent of the person's prior familiarity with the Confidential Information;

(d) Court reporters in this Action (whether at depositions, hearings, or any other proceeding);

(e) The jury;

(f) Any other persons to whom the parties agree in writing, subject to any terms the parties agree upon in connection with such a disclosure; and.

////

   (g) Any deponent not otherwise entitled to access Confidential Information by virtue of any of the other subdivisions of this paragraph whom counsel believes in good faith may provide relevant testimony related to the topics embraced by the particular Confidential Information that is necessary to the party's presentation of the case, provided that each document comprising Confidential Information that will be shown to the deponent is identified to counsel for the party that produced the Confidential Information prior to the deposition.

  5. Counsel shall retain copies of any and all Undertakings signed hereunder by any individual, and counsel shall produce such Undertakings for inspection upon demand by either the court or the opposing counsel upon reasonable notice

  6. Prior to disclosing any Confidential Information to outside experts or consultants identified in paragraph (b), the party seeking to disclose the information under this paragraph shall: (1) provide the producing party (whose confidential information is at issue or who produced the information) with: (i) the person's name; (ii) the person's present employer and title, (iii) an up-to-date curriculum vitae of the person; (iv) an identification of any work performed by that person for or on behalf of any party in this Action within the four-year period before the filing of this Action; (v) a list of cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years; and (vi) a general identification of the Confidential Information that it seeks to disclose. Within five (5) court days of submission of this information to the producing party, the producing party may object to the proposed outside expert or consultant on a reasonable basis, or, if it believes in good faith that it needs more information concerning the proposed expert or consultant to make a decision about whether to object, may request additional information as it believes necessary for the decision. If the producing party requests additional information about the individual to whom the information is proposed to be disclosed, the deadline for the producing party to object to the disclose is the later

KNAPP, PETERSEN & CLARKE

of: (a) five (5) court days after the information is provided, or (b) five (5) court days after the party seeking to disclose the confidential information declines to provide the requested information.

(c) If an objection to disclosure is made within the time required, the parties shall meet and confer within five (5) court days and, if not resolved, the party seeking to disclose the information must file a motion seeking permission from the Court to do so. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Confidential Information to its proposed expert.

(d) Where an objection is made, no such information shall be disclosed to the consultant or expert until the objection is withdrawn or resolved by the Court.

7. Confidential Information shall be retained in the possession and control of the parties and counsel in such a manner as to preserve its confidential nature and to carry out the terms of this stipulated protective order. In the event any party receives a subpoena, discovery request, or any other type of demand requiring the disclosure of Confidential Information designated by another party or third-party, unless such a request is made in connection with and under the auspices of this Action, that party shall promptly provide a copy of the subpoena or other discovery request to counsel of record of the other party or parties to this Action and the designating party or third party. In the event the designating party or third party is not represented by counsel, such materials shall be provided to the party or third party itself.

8. Should a party plan to use Confidential Information supplied by another party in open court, or during a deposition, during a pretrial hearing, at trial, or during any other public or private proceeding during which a person not entitled to access such information may reasonably be expected to be present and have access to the Confidential Information, notice of such intention shall be given to the producing

KNAPP, PETERSEN & CLARKE

-5-

1 party prior to the contemplated use to enable the producing party, if necessary, to
2 move this court for protection of the Confidential Information from public disclosure
3 or other appropriate relief.  In connection with a motion or other hearing, the
4 inclusion of such a document or information within the moving, opposition or reply
5 papers, or on an exhibit list, shall be deemed to satisfy the requirements of this
6 paragraph.  All Confidential Information used in connection with a motion,
7 opposition, reply or any other paper filed with he Court shall be filed under seal.  In
8 connection with depositions, the requirements of this paragraph shall be deemed
9 satisfied by providing a copy of the Confidential Information to opposing counsel
10 during the deposition before questioning the deponent about the Confidential
11 Information.

12      9.     A party may in good faith request that no one except those persons
13 permitted access to Confidential Information under this stipulated protective order be
14 present for a portion of a deposition in which counsel reasonably anticipates that
15 Confidential Information will be disclosed or discussed.  To the extent possible,
16 counsel shall make appropriate arrangements to ensure that only such persons are
17 present during such portions of depositions.  Any good faith failure to make such a
18 request shall not be deemed a waiver by any party of their right to designate any
19 portion of the deposition transcript or exhibits as Confidential Information.  Prior to
20 showing a deponent any Confidential Information during the course of a deposition,
21 questioning counsel shall present the Confidential Information to the other
22 participating counsel for purposes of resolving any issue concerning a deponent's
23 entitlement to access such information.

24      10.     The parties shall have 30 days following the service of the deposition
25 transcript by the court reporter to designate any portion of the transcript as containing
26 Confidential Information, and during this 30-day period, the entirety of the
27 transcripts shall be considered to be Confidential Information.  If such designation is
28 made prior to the court reporter's preparation of the transcript, the designating party

**KNAPP, PETERSEN & CLARKE**

-6-

shall instruct the court reporter to mark the designated portions of the transcript as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." No entire deposition transcript shall be designated Confidential Information unless it is impractical to designate specific portions of the transcript as Confidential Information.

11. If any Confidential Information is inadvertently produced without being marked in accordance with this stipulated protective order, the failure to so mark the document or other material shall not be deemed a waiver of its confidentiality. If a designating party (or its counsel) discovers that such document or material has been inadvertently produced without the proper marking, it shall take prompt and reasonable steps to attempt to have the document or material marked as Confidential Information or returned to the party producing the document or material to be marked pursuant to Paragraph 1 of this stipulated protective order.

12. If any Confidential Information submitted by a producing party under the terms of this stipulated protective order is disclosed by a receiving party to any person other than in the matter authorized by this stipulated protective order, any party having actual knowledge of such disclosure by that party or its agents shall notify the designating party of (1) the Confidential Information disclosed, (2) the party to whom it was disclosed, and (3) the date of disclosure.

13. This stipulated protective order shall be without prejudice to the right of either party (a) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; and (b) to present a motion to the court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This stipulated protective order shall not be deemed to prejudice either party in any way in any future application for modification of this stipulated protective order.

14. If a receiving party disagrees, in whole or in part, with a producing party's designation as Confidential Information of any information produced

KNAPP, PETERSEN & CLARKE

pursuant to this stipulated protective order, the party challenging such designation shall notify the producing party in writing of its objections on a document-by-document basis. The parties shall then confer as to the status of the confidential designation with respect to the information produced under the terms of this stipulated protective order.

15. If, after meeting and conferring, the parties are unable to reach agreement as to the status of the designation of any information as Confidential Information, the designating party shall file a motion with the court seeking a resolution the parties' dispute. If the designating party files such a motion, the information at issue shall be treated as Confidential Information pending resolution of the dispute by the court. In the event the designating party fails to file such a motion by that time, the designation shall be deemed withdrawn.

16. This stipulated protective order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this stipulation and third parties without involving the court unnecessarily in this process. Nothing in this stipulated protective order, nor the production of any information or document under the terms of this stipulated protective order, nor any proceeding pursuant to this stipulated protective order, shall be deemed to have the effect of an admission or waiver by either party (or any third party) or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. All obligations and duties arising under this stipulated protective order and under any acknowledgment or agreement pursuant to this stipulated protective order shall survive the termination of this Action.

18. Notwithstanding any provisions of this order to the contrary, nothing contained herein shall be deemed a waiver of any applicable privilege in the instant litigation including, but not limited to, the attorney-client privilege and the mediation privilege.

KNAPP, PETERSEN & CLARKE

19. Except as expressly stated herein or necessary to extend deadlines, by agreement of the parties hereto for purposes of engaging in further efforts to meet and confer to resolve disputes hereunder, no modification, addition, or other change of this stipulated protective order shall be effective unless it has been set out in writing and signed by all counsel of record and is approved by the court.

20. This stipulated protective order may be executed in counterparts and shall be deemed contractually binding upon each party's execution of this stipulated protective order, notwithstanding whether all parties have executed this stipulated protective order or whether the court has signed this stipulated protective order.

21. This protective order does not affect or alter a producing party's right to refuse to disclose information properly subject to the attorney-client privilege or the attorney work product doctrine. If a party (or third party), through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, attorney work product immunity, or is otherwise protected from disclosure, the producing party may give prompt and timely written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, and request that the discovery be returned to the producing party. The receiving party or parties shall within five (5) court days return to the producing party such discovery. Return of the document by the receiving party shall not constitute an admission or concession, or permit and inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this Action for reasons other than a waiver caused by the inadvertent production.

22. Nothing in this protective order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon

1 any Confidential Information, provided that counsel does not disclose Confidential
2 Information in a manner not specifically authorized under this protective order.

3     23. Within thirty (30) days following the final termination of this Action by
4 dismissal, judgment, or settlement, counsel for the party or parties receiving
5 Confidential Information shall certify destruction or producing the Confidential
6 Information to counsel for the party, parties, or third party disclosing or producing
7 the Confidential Information. Notwithstanding this provision, counsel for the party,
8 parties, or third party are entitled to retain an archival copy of all pleadings, motion
9 papers, transcripts, legal memoranda, correspondence or attorney work product, even
10 if such material contains Confidential Information. Any such archival copies that
11 contain or constitute Confidential Information remain subject to the protective order.

13     IT IS SO ORDERED

15 Dated: 7/13/09                         **PHILIP S. GUTIERREZ**
16                                     The Honorable Phillip S. Gutierrez
                                    Judge of the United States District Court

KNAPP, PETERSEN & CLARKE

-10-

# EXHIBIT A

## UNDERTAKING

I, _____, hereby certify that I have been given a copy of the stipulated protective order entered in the action styled as *Resonance Technology, Inc. v. NordicNeurolab AS*, Case No. CV 08-6772 PSG (PLAx), currently pending in the United States District Court, Central District. I have read the stipulated protective order and am familiar with its terms. I agree to be bound by the terms of the stipulated protective order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____, _____.

                                                                  SIGNATURE

                                                                  PRINT NAME

**KNAPP, PETERSEN & CLARKE**